JACOB HIME

v.

DAVID KLASEY ET AL.

1. PRACTICE—NEW OBJECTION ON RE-HEARING.—Upon an application for a re-hearing, new points or objections made for the first time on the petition for re-hearing, will not be considered.

2. DELAY IN DELIVERY—RECOUPMENT OF DAMAGES.—Where there is an executory contract of purchase, the article bought to be delivered by a time certain, and there is a failure on the part of the vendor to make delivery according to the contract, the vendee is entitled, when sued for the price of the article sold, to recoup any damages he may have sustained by reason of the failure to make del very as agreed.

3. DEPENDENT CONTRACTS.—Where the contract on the part of the seller was to deliver a specified number of staves in each month, and on the part of the buyer to pay at a specified rate per thousand, the first payment to be made within thirty days after the first load was delivered, the balance in installments of $450 each succeeding thirty days, it is not such a mutual, dependent contract, as will make a failure to pay any installment a condition precedent to the delivery of another lot of staves, and thereby give the seller a right to rescind the contract.

4. RECOUPMENT.—The court is of opinion that there was sufficient evidence in the record in this case upon which a finding in favor of appellant upon the question of recoupment could be based, and it should have been submitted to the jury.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion upon peti-

tion for a re-hearing, filed December 15th, 1881.    For original opinion in this case see *ante*, page 166.

This was an action upon the following contract:

"Freeport, Ill., March 6, 1879.

"To all whom it may concern:

"Know ye by these presents, that David Klasey, E. J. Everett and J. S. Pomeroy, of the town of Cadiz, County of Green, State of Wisconsin, of the first part, do agree to make and deliver to Jacob Hime, of the City of Freeport, County of Stephenson, State of Illinois, of the second part, four hundred thousand bass-wood staves, and headings to match the staves, in the following manner: Thirty thousand to be delivered each month or more; the first installment to be delivered in the month of *May*, and until the 15th day of June, and thirty thousand each succeeding month until the whole amount be delivered, to be paid for in the following manner by Jacob Hime, at the rate of fifteen dollars per thousand; the first payment to be made in thirty days after the first load of staves are delivered, and the balance to be paid in installments of four hundred and fifty dollars, each succeeding thirty days; said staves and heading to be of the following dimensions: Staves to be thirty-four inches in length, and to be on an average four and a half inches in width, and to be cooper listed, and three-fourths inch thick when seasoned.

"Heading to be twenty-two inches in length and in three pieces; the three pieces to aggregate twenty-two inches in width.

"Jacob Hime."

Between the 20th of May, 1879, and the 16th of September, 1879, there was delivered by appellees, and accepted by appellant, 31,311 staves, for the price of which this suit was brought.

On the part of the defendant it was claimed that the staves furnished were of inferior quality, for which a deduction should be made in the price; and further, that the plaintiffs had not complied with the contract on their part by furnishing the

second or any subsequent installment of the 30,000 agreed to be furnished, and in consequence of such failure the defendant was obliged to and did go into the market and purchase large quantities of staves at greatly increased prices, the price of staves having advanced in the meantime, and defendant sought to recoup such damages in this action.

It was claimed by the plaintiffs, that the defendant did not pay for the staves actually delivered within thirty days after the first installment was received, and that therefore they were entitled to rescind the contract, and no recoupment could be allowed.

It was further claimed by the plaintiffs that the time for the performance of the contract by them had been extended by the plaintiff, and upon this point one of the plaintiffs testified that he told the defendant that it would be impossible for them to make the staves on time, to which the defendant replied, that it did not matter so much if they did not quite come up to time, if they did the best they could ; that they were new beginners, and he did not expect they could exactly.

Upon the trial below, appellant sought to recoup damages for non-delivery of the staves, according to contract, and offered evidence tending to show that he had suffered damage by reason of the delay of appellees in delivering the staves.

Mr. U. D. Meacham, in support of the petition for a rehearing, argued that the defendant should not be allowed to recoup any damages sustained by him in consequence of a failure to deliver the several installments of staves, on the ground that the conditions of the contract were mutual and dependent, and payment as agreed was a condition precedent to the right to demand future deliveries, and cited 2 Smith's Lead. Cas. 50; 2 Parsons on Contracts, 523; Oxendale v. Wetherell, 9 B. & C. 386; Eldridge v. Rowe, 2 Gilm. 91; Boynton v. Wicker, 45 Ill. 137; Catholic Bishop v. Bauer, 62 Ill. 188.

Mr. J. A. Crain, opposing the petition, contended that plaintiffs did not have the right to rescind the contract upon a failure to make payment as agreed, and cited Carney v. Newberry, 24 Ill. 203.

Where a party, by his words or acts, has given a particular construction to a contract, the court will impose upon him the same construction which he has given it: Parmalee v. Hembledon, 24 Ill. 605; Leavers v. Cleary, 75 Ill. 349.

Per Curiam. A petition for a re-hearing of this case has been presented to the court, in which the point is made that the appellant was not entitled to recoup any damages sustained by him in consequence of the failure of the appellees to deliver the several installments of staves under the contract; upon the ground that the conditions of the contract are mutual and dependent, and that the record does not show that the appellant was ready and willing to receive and pay for the balance of the staves.

This point is now made for the first time, and we would be justified in denying the application for a re-hearing upon that ground alone, yet we again examined the record and find therein sufficient evidence upon which a finding upon this point in favor of the appellant could be based, had such issue been submitted to the jury for determination.

Upon the trial below, Hime was deprived of the right of having this question submitted to the jury, and as stated in our former opinion, we think upon this point the court erred. He should be allowed in another trial to do so, when the law applicable to such defense can be given to the jury.

We are not satisfied from this record that he has as yet had a fair trial. The petition for a re-hearing will be denied.

Re-hearing denied.